UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COLT'S MANUFACTURING COMPANY LLC, | : | CIVIL CASE NO. 3:23-CV-01156 (JCH) |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, ET AL. | : | AUGUST 27, 2025 |
|    Defendant. | : | |

**RULING ON MOTION FOR CLARIFICATION (DOC. NO. 107)**

**I.   INTRODUCTION**

Before this court is the plaintiff's Motion for Clarification ("Motion") (Doc. No. 107), which American Specialty Lines Insurance Company ("AISLIC") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") opposes.  See Opposition to Motion for Clarification ("Opp'n") (Doc. No. 112).  For the reasons that follow, the Motion for Clarification is denied.

**II.   LEGAL STANDARD**

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Instead, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also D. Conn. L. R.

1

7(c)(1) ("[Motions for reconsideration] will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."). Additionally, under Local Rule 7(c), motions for reconsideration must be filed within seven days of the filing of the order from which relief is sought. Local R. Civ. P. 7(c) ("[Motions for reconsideration] shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.").

"Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." Metcalf v. Yale Univ., No. 15-CV-1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019). "When a court ruling is unclear or ambiguous, the issuing court may grant the motion and provide additional clarification modifying that ruling or order after providing other parties an opportunity to respond." Id.

### III.  DISCUSSION

Colt's filed the instant Motion in response to the court's Ruling on the parties' cross-motions for summary judgment. Colt's seeks clarification regarding the Ruling on the Plaintiff's request for declaratory relief under the Fourth Interim Defense Funding Agreement. See Motion at 1. Specifically, Colt requests clarification about whether the court's denial of Colt's motion for summary judgment on its declaratory relief count was limited to denying the first portion of that count: a declaration about "the duty to defend Colt's under the Insurance Policy." See Motion at 2, citing Ruling at 37-38. If that is so, then Colt asks this court to set forth its ruling about the second portion of that count, consistent with the remainder of the Ruling: i.e., that AISLIC is required to continue

defending Colt's under the Fourth IDFA until the final resolution of the Gary Lawsuit and that AISLIC's obligation includes the duty to pay all defense costs up front to the defending law firms, subject to reimbursement from Colt's per the Fourth IDFA. See Motion at 2.

While the Motion is styled as a motion for clarification, it could reasonably be understood to be a motion for reconsideration.  This is because the Motion does invite the court to amend its ruling to address an alternative theory, namely that the defendant's are liable for certain payments under the Fourth Interim Defense Funding Agreement ("Fourth IDFA"). Id.  The defendants argue that the only accepted purpose of a motion for clarification is to resolve alleged ambiguities in a court's order; a motion for clarification may not be used to alter or change a court's order, to test new theories, or request new relief. See Opp'n at 2.  The defendants further argue that Colt never sought relief in its Motion for Summary Judgment. See Opp'n at 3. Consequentially, this mean there is no ambiguity in the court's Ruling and therefore no basis for expanding its substantive scope. Id. The defendants argue that Colt made a strategic decision in moving on only one theory in connection with that Gary lawsuit. See Opp'n at 4.

To the extent Colt's seeks reconsideration, the Motion is untimely and is therefore denied.  Aside from the untimeliness of a Motion for Reconsideration, Colt's Motion fails on the merits. Colt neither cites new case law nor provides any other compelling reason warranting the favorable disposition of the instant motion.

If, as Colt's suggests, the instant Motion merely seeks clarification, it is unclear what the court could clarify in its Summary Judgment Ruling.  While Colt's sought Summary Judgment on all of its claims, nowhere in its Memorandum in Support of its

3

Motion or Reply did it advance any argument as to why it is entitled to declaratory relief on the basis of the Fourth IDFA. See Colt's Motion for Summary Judgment (Doc. No. 53); Colt's Reply Memorandum in support of Colt's Motion for Summary Judgment (Doc. No. 90). Instead, Colt argued only that, under the Policy—not the Fourth IDFA—were the defendants liable or was declaratory relief in Colt's favor warranted. Under the sections where such arguments would be made, they were conspicuously absent. Specifically, in their Memoranda, Colt argued only that AISLIC has a duty to defend Colt under the AISLIC Policy, and that AISLIC acted in bad faith by denying a duty to defend under the AISLIC Policy. See Colt's Motion for Summary Judgment at Sections I-III (Doc. No. 53); Colt's Reply Memorandum in support of Colt's Motion for Summary Judgment at Section I (Doc. No. 90).

Having failed to provide the court with any basis to grant it summary judgment on its alternative theory of liability that judgment in Colt's favor is warranted as a result of the Fourth IDFA, Colt's cannot now seek such relief through a Motion for Clarification. See In re Teva Sec. Litig., 512 F. Supp. 3d 321 at 336-337 (D. Conn. 2021) (explaining that an argument not adequately briefed is waived).

### IV. CONCLUSION

For the reasons stated above, the court denies the Motion for Clarification (Doc. No. 107).

**SO ORDERED.**

Dated at New Haven, Connecticut this 27th day of August 2025.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

4